IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF MARYLAND

MELODY A RUSSELL
*Plaintiff*

vs                                                        CIV:

**GLR 16 CV 0607**

ARNOLD SCOTT HARRIS, P.C. et al
*Defendant*

## COMPLAINT

1) COMES NOW, THE PLAINTIFF, TO RESPECTFULLY SEEK RELIEF AGAINST THE DEFENDANT, AS DEFENDANT VIOLATED Fair Debt Collection Practices Act ("FDCPA") 15 U.S. Code § 1692 et seq, as well as •Maryland Consumer Debt Collection Act ("MCDCA") § 7-101 et seq, § 14-201, and § 14-202 et seq.

2) Plaintiff respectfully approaches the Court in Good Faith.

### Jurisdiction and Venue

3) Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4) Defendant engaged in debt collection within the State of Maryland, with full knowledge of the fact that Plaintiff's legal state of residence was Maryland; therefore, personal jurisdiction is established.

5) Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### Parties

6) Plaintiff is a natural person who resided in the State of Maryland at all times relevant to this Cause of Action.

7) Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8) Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9) Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Chicago, Illinois, and is also licensed to collect debt in the State of Maryland.

10) Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers.

## Overview

11) Defendant used unfair and deceptive business practices, with the intent to extort money for a debt that the Plaintiff does not legally owe.

12) Defendant used false and misleading terms, to make it appear they had power and authority to carry out administrative sanctions and judicial proceedings, when such power and authority did not factually exist, nor was extended to them.

13) Defendant failed to stop abusive debt collection practices when disputed by Plaintiff in writing and via fax.

14) Defendant engaged in factually alleged violations within the last twelve months.

15) Defendant's actions appear to be aimed and targeted at a particular class, as most of their actively pursued debt collections accounts are targeted towards minorities and individuals with a protected disability.

## Summary
## FDCPA Violations
### Count 1

16) On/around June 2015, Defendant contacted Plaintiff on her cell phone while she was in the State of Maryland, with the attempt to collect debt.

17) They told her that they were a law firm retained by the City of Chicago and the Illinois Tollway to represent them in court for unpaid traffic violations.

18) They told Plaintiff that she was in violation of several civil fines, with the incidents alleged to have occurred a far back as 2009.  She was told that her license and registration would be suspended if she doesn't pay these fines.  She was also told that they would seek a judgment against her to recoup money for alleged fines.

19) Plaintiff was a lawful resident of the State of Maryland during those alleged dates. Therefore, those violations could not possibly be hers.

20) After further investigation, Plaintiff discovered the fact that the City of Chicago and Illinois Tollway handle administrative, judicial and legal matters themselves, and that Defendant is nothing more than a debt collector.

21) Both government agencies also have a disclaimer on their website when inform the public of the fact that ARNOLD SCOTT HARRIS PC is mere debt collector, and is engaged in the business of collecting debt.

22) Defendant used false and misleading terms and language, violating 5 U.S. Code § 1692e:
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (2) The false representation of—
>>
>>> (A) the character, amount, or legal status of any debt;
>>
>> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>>
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>>
>> (13) The false representation or implication that documents are legal process.

### Count 2

23) Plaintiff respectfully disputed debt via US Mail and via fax. Plaintiff informed Defendant of the fact that she does not owe any debt.

24) Defendant refused to stop collecting debt. They continued to contact Plaintiff in the State of Maryland, in writing, demanding payment for the disputed debt.

25) Defendant, by proceeding with debt collection attempts after debt was disputed, violated 15 U.S. Code § 1692c:
> (c) Ceasing communication: If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt....

### Count 3

26) Defendant is a debt collector and was required to disclose this fact in plain, visible language, or via telephone.

27) They failed to do so, violating 15 U.S. Code § 1692e:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

### Count 4

28) Defendant attempted to collect a time-barred debt.

29) Maryland has a three-year statute of limitation for lawsuits. Therefore, Defendant couldn't legally sue Plaintiff for debts dating from 2009 to 2011.

30) *Kimber v. Fed. Fin. Corp., 668 F. Supp.* ruling prohibits debt collectors from suing for time-barred debt.

31) Defendant, by telling consumers they are a law firm, and by using the misleading terms, bully the consumers into paying debt that stems from fear of being sued.

32) Defendant frequently uses this technique, targeting minorities and individuals with a protected disability.

33) By far, they have made a huge portion of their profits by targeting these minorities.

34) Plaintiff is a minority, and their next "victim."

35) They attempted to scare Plaintiff, violating 15 U.S. Code § 1692d:
A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

### MCDCA

36) The allegations as factually alleged under the FDCPA are re-alleged. Defendant, within the last three years, engaged in activity that harmed the Plaintiff.

### Count 5

37) Defendant is a debt collector, as codified under § 7-101, which says:

> c) "Collection agency" means a person who engages directly or indirectly in the business of:
>
> (1)(i) collecting for, or soliciting from another, a consumer claim; or

(ii) collecting a consumer claim the person owns, if the claim was in default when the person acquired it;

### Count 6
38) Defendant is a debt collector, as codified under § 7-101:

c) "Collection agency" means a person who engages directly or indirectly in the business of:
(1)(i) collecting for, or soliciting from another, a consumer claim; or

(ii) collecting a consumer claim the person owns, if the claim was in default when the person acquired it;

### Count 7
39) Defendant is a debt collector, as codified under § 14-201 and § 14-202. § 14-202:

In collecting or attempting to collect an alleged debt a collector may not:

(8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist; or

(9) Use a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer when it is not.

### Prayer of Relief
WHEREFORE Defendant and Co-Plaintiff respectfully requests this Court to:

1. Award Plaintiff actual and statutory damages pursuant to FDCPA.

2. Award Plaintiff actual and statutory damages pursuant to MCDCA.

3. Award such other and further relief as this Court may see fit.

RESPECTFULLY,

_____
PLAINTIFF